WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barbara Borchers, et al., | No. cv-08-2138-PHX-ROS |
| Plaintiffs, | **ORDER** |
| vs. | |
| The Vanguard Group, Inc., et al., | |
| Defendants. | |

Pending before the Court is Defendant Vanguard Marketing Corporation ("VMC")'s Motion to Dismiss for Failure to State a Claim (Doc. 7). For the reasons stated herein, Defendant's Motion will be denied.

## BACKGROUND

Plaintiff Barbara Bowers is trustee of the Olson Living Trust and has power of attorney authorizing her to deal with, manage and control the financial affairs of her mother, Betty D. Olson. Plaintiffs opened certain Vanguard Money Market and Brokerage Accounts with Defendants The Vanguard Group, Inc. and VMC. They allege that Defendants allowed Betty Olson's son, Michael Olson, to unlawfully access those accounts and paid out forged drafts and checks in excess of $100,000. They further allege that Defendants failed to recredit the accounts as required despite the fact that the forgeries were promptly reported.

1  Accordingly, they bring suit to require the defendant to re-credit the accounts or return
2  the funds in question to Plaintiffs.

## STANDARD OF REVIEW

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). When reviewing a motion to dismiss, the Court accepts as true all material allegations in the complaint and construes them in a light most favorable to the plaintiff. Schmier v. U.S. Court of Appeals for Ninth Circuit, 279 F.3d 817, 820 (9th Cir. 2002). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964–65 (2007) (internal quotations, citations, and alterations omitted).

## ANALYSIS

Defendant argues that Plaintiffs' Complaint asserts no specific substantive allegations against VMC. It states:

> Although the Complaint makes one collective reference to VMC and the Vanguard Group, Inc., none of the allegations of the Complaint are based upon or otherwise implicate any alleged conduct by VMC, nor would VMC have had any involvement in any administration of Plaintiffs' accounts.

Plaintiffs failed to file any response to Defendant's Motion.[1]

Defendant's characterization of Plaintiffs' Complaint is incorrect. It is true that the sole reference to Defendant *by name* states:

---

[1] The Local Rules of Civil Procedure for the District of Arizona state that a party who fails to file a required responsive memorandum, unless given leave to do otherwise by the Court, may be deemed to have "consent[ed] to the denial or granting of the motion and the Court may dispose of the motion summarily." L. R. Civ. Proc. 7.2(i). The Court recognizes the validity of this Rule as a general matter, but in light of the fact that Defendant, on the bare face of its Motion, has demonstrated no failure to state a claim under Rule 12(b)(6) and the fact that Defendant has not asked for summary disposition, it will consider here the merits of Defendant's Motion.

2. Defendants The Vanguard Group, Inc., a foreign corporation, and Vanguard Marketing Corporation, a foreign corporation (hereinafter referred to as "The Vanguard Group"), are corporations that were incorporated in Pennsylvania, and that are authorized to and have in fact been, conducting business in Phoenix, Maricopa County, Arizona, in the form of operating and managing certain money market funds and brokerage accounts.

Plaintiffs' Complaint then continues to state a number of allegations against "The Vanguard Group." Plaintiffs' parenthetical notation appears clear to this Court; "The Vanguard Group" is used collectively to refer to both Defendants. Plaintiffs' failure to choose a more easily parsed short-form name does not constitute grounds for dismissal of their case.

While it may very well be true that VMC has no involvement in any administration of Plaintiffs' accounts, that is not a fact to be determined on a motion to dismiss (certainly not on *this* motion to dismiss, which is a mere two pages and provides little in the way of analysis). Defendant has not shown that Plaintiffs have failed to state a claim.

Accordingly,

**IT IS ORDERED** Defendant's Motion (Doc. 7) is **DENIED**.

DATED this 17th day of July, 2009.

_____
Roslyn O. Silver
United States District Judge