Howard Ross Cabot, Bar #006669
Christopher S. Coleman, Bar #018287
Jacob C. Robertson, Bar #024763
PERKINS COIE BROWN & BAIN P.A.
2901 North Central Avenue, Suite 2000
Phoenix, Arizona  85012-2788
Telephone:  602.351.8000
Facsimile:  602.648.7000
HCabot@perkinscoie.com
CColeman@perkinscoie.com
JRobertson@perkinscoie.com

Attorneys for Defendants
*The Vanguard Group, Inc. and Vanguard*
*Marketing Corporation*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Barbara Borchers and Jerald S. Chesler, as Trustee of The Betty D. Olson Revocable Trust, and The Olson Living Trust,<br><br>Plaintiffs,<br><br>v.<br><br>The Vanguard Group, Inc. and Vanguard Marketing Corporation,<br><br>Defendants. | No. 08-02138-PHX-ROS<br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |

Defendants The Vanguard Group, Inc. and Vangard Marketing Corporation (collectively, "Vanguard") respond to the allegations in Plaintiffs Barbara Borchers and Jerald S. Chesler's Complaint as follows:

1.      Vanguard states that it lacks knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 1, and on that basis denies those allegations.

2.      Vanguard states that it lacks knowledge sufficient to form a belief as to the

truth of the allegations of Paragraph 2, and on that basis denies those allegations.

3.     The Vanguard Group, Inc. and Vanguard Marketing Corporation admit that they are incorporated in Pennsylvania, that they are authorized to conduct business in Arizona, and that they conduct business in Arizona.  Vanguard states that the remaining allegations of Paragraph 3 are vague, and on that basis deny the remaining allegations of Paragraph 3.

4.     Vanguard states that the Olson Living Trust opened and maintained certain accounts with The Vanguard Group.  Vanguard denies the remaining allegations  of Paragraph 4.

5.     Vanguard states that it lacks knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 5, and on that basis denies those allegations.  To the extent that the allegations of Paragraph 5 are intended or have the effect of alleging any wrongful conduct on the part of Vanguard, any such allegations are expressly denied.

6.     Vanguard denies the allegations of Paragraph 6.

7.     Vanguard denies the allegations of Paragraph 7.

8.     Vanguard denies each and every allegation that is not specifically admitted in paragraphs 1-7 above.

## **Affirmative Defenses**

Vanguard states the following defenses to the causes of action asserted in the Complaint without assuming the burden of proof where such a burden is otherwise on Plaintiffs pursuant to applicable substantive procedural law.  In addition, Vanguard notes that Plaintiffs fail to identify any cognizable cause(s) of action in the First Amended Complaint, and Vanguard is therefore not on notice of any causes of action that Plaintiffs may intend to have alleged against Vanguard.  As a result, Vanguard reserves the right to assert additional affirmative defenses as discovery proceeds in this matter.

A.     Plaintiffs' First Amended Complaint fails to state a claim upon which relief

1   may be granted.

2          B.      Plaintiffs lack standing to assert claims against Vanguard.

3          C.      Plaintiffs' claims are barred, in whole or in part, by the applicable statute(s)

4   of limitations and/or statutes of repose.

5          D.      Plaintiffs' claims against Vanguard are barred because Plaintiffs were not

6   injured by reason of any action by Vanguard.

7          E.      Plaintiffs' claims are barred in whole or in part by the doctrines of laches

8   and unclean hands.

9          F.      Plaintiffs' claims are barred in whole or in part under Arizona's Uniform

10  Contribution Among Tortfeasors Act, A.R.S. § 12-2501, *et seq.* because any injury or

11  damages allegedly sustained by Plaintiffs were caused by or contributed to by Plaintiffs

12  themselves and/or other parties at fault and therefore should be apportioned to the

13  Plaintiffs and such other parties at fault.

14         G.      Plaintiffs' claims are barred in whole or in part because Plaintiffs' claimed

15  injuries and damages were not legally or proximately caused by any acts or omissions of

16  Vanguard and/or were caused, if at all, by the conduct of third parties including, without

17  limitation, the prior, intervening or superseding conduct of such third parties.

18         H.      Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to

19  mitigate damages and/or failure to take necessary steps to avoid preventable

20  consequences.

21         I.      Plaintiffs' claims are barred, in whole or in part, by the applicable defenses

22  in Article 4, section 406 of the Uniform Commercial Code.

23         WHEREFORE, Vanguard requests that the Plaintiffs take nothing by their First

24  Amended Complaint, and that Vanguard be awarded judgment in this action in its favor,

25  its reasonable attorneys' fees and costs, and such other relief as the Court deems

26  appropriate.

1    Dated:  February 18, 2010                    **PERKINS COIE BROWN & BAIN P.A.**

2

3                                                 By:/s/ Jacob C. Robertson

4                                                     Howard Ross Cabot, Bar #006669
                                                      Jacob C. Robertson, Bar #024763

5                                                     2901 North Central Avenue
                                                      Suite 2000

6                                                     Phoenix, Arizona  85012-2788
                                                      Telephone:  602.351.8000

7                                                     Facsimile:  602.648.7000

8                                                     HCabot@perkinscoie.com
                                                      JRobertson@perkinscoie.com

9

10                                                Attorneys for Defendants
                                                  *The Vanguard Group, Inc. and Vanguard*

11                                                *Marketing Corporation*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

## CERTIFICATE OF SERVICE

2      ☒      I hereby certify that on February 18, 2010, I electronically transmitted the

3 attached documents to the Clerk's Office using the CM/ECF System for filing and

4 transmittal of a Notice of Electronic Filing to the following CM/ECF registrant(s):

5
6
7       Philip J. Nathanson
        The Nathanson Law Firm
        8765 East Bell Road - Suite 110
        Scottsdale, Arizona  85260
        philip@nathanlawfirm.com
8       Attorney for Plaintiffs

9

10
                               s/ Indy Fitzgerald
11

LEGAL17655629.1

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26